BOUTALL, Judge.
This is a case involving the commencement of prescription on a Workman’s Compensation claim.
Angello Brettillo, appellant, filed suit for Workman’s Compensation benefits on March 17, 1978 against his employer, J. Ray McDermott & Co., appellee. He alleged that he was injured in April of 1976 and later, by amended petition, changed this date to August 16, 1976. Appellee filed a motion for summary judgment contending that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law on the ground that appellant’s claim was barred by prescription. After a hearing, the trial judge sustained the motion and dismissed the suit. It is from this judgment that Brettillo appeals.
Louisiana Revised Statute 23:1209 reads as follows:
“In case of personal injury (including death resulting therefrom) all claims or payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Appellant’s suit was filed more than one year, but less than two years from date of accident. He contends that summary judgment is inappropriate since a contested issue of fact is present, namely, the question of when the injury “developed” under the statute. He alternatively contends that ap-pellee is estopped from asserting the defense of prescription because its employees misled appellant into believing that his problem was one which did not lie within the provisions of the Workman’s Compensation Act.
A review of the evidence introduced in connection with the motion for summary judgment reveals that appellant consulted his family doctor immediately after the incident in question, which occurred while he was trying to lift a heavy valve. He was hospitalized and placed in traction. A specialist then diagnosed the condition as a degenerative disease and prescribed a back brace and rest. When appellant did not respond to this treatment, another doctor *765 was consulted who performed further tests and diagnosed the problem as a ruptured disc. Surgery was performed in May of 1977. Appellant has been unable to return to work since the original incident. McDer-mott claims that it advised Brettillo immediately after the alleged injury that his claim was not compensable under the Workman’s Compensation Act and has paid no benefits.
In Bolden v. Georgia Casualty & Surety Company, 363 So.2d 419 (1978), the Louisiana Supreme Court outlined the appropriate test in cases of this kind:
“The underlying rationale of the Wallace rule is that an employee who becomes disabled after the prescriptive year (but within two years after the accident) will not be penalized by the loss of his compensation rights, unless he fails to bring suit to enforce them within one year after it is manifest, rather than conjectural, that he has a compensable claim.”
Applying this test to the facts above, it is clear to us that a contested issue of fact is present in this case, namely, the point in time at which it was manifest to the appellant that he had a compensable claim. In Bolden, the claimant’s physician had incorrectly diagnosed the illness as attributable to nontraumatic causes. Approximately 11 months after the accident, the symptoms had sufficiently manifested themselves so that the physician and patient had the first indication that the neck problem was traumatic in origin. The court concluded from this that the legal disability was not manifest, and that prescription would not commence until this point.
We find this case to be controlling of the issue before us. Since there exists a material issue of fact, summary judgment is not an appropriate disposition. See Code of Civil Procedure Article 966. Because of this finding, it is unnecessary for us to consider appellant’s alternative contention that McDermott is estopped from pleading prescription in this suit.
For the above reasons, the judgment below is reversed and the case is remanded to the trial court for further consideration of the issues presented. Costs of this appeal to be borne by the appellee, J. Ray McDer-mott & Company.
REVERSED AND REMANDED.